The next piece on the calendar is Sotamba v. Barr. May I please see the clerk? Kevin Murphy for the petitioner on this matter, Your Honors. This is a request to remand back to the Immigration Court for further findings with regards to the discussion about the basis for a motion to continue. Petitioner has the burden to show a substantial basis for continuance in immigration proceedings and ongoing removal proceedings. We're fortunate that we have a recent case certified by the U.S. Attorney General, the former U.S. Attorney General Sessions, which provides guidance to immigration judges as to when continuances can be granted in matters which involve collateral issues. The collateral issue in this matter was a labor certification. A labor certification that had been well underway in preparation, but not yet electronically filed. In other words, it had not been filed. Correct, but had been not electronically filed with the Department of Labor. That's correct, Your Honor. The crucial thing is whether it's pending. If it's not filed, it's not pending. It is, Your Honor. I think an adjournment or a delay for consideration of something that hasn't yet been filed doesn't really seem compelling. On the face of it, Your Honor, I would agree with you. But when you look behind the matter, at the time that petitioner did begin his labor certification process, through his employer, there had been a prevailing wage determination submitted to the Department of Labor, as well as a labor condition application that had to be certified by the Department of Labor. These were matters that had to be preliminarily taken care of. There were three continuances so he could file the labor certification, right? That's correct, Your Honor. Why was he unable to file it during those earlier continuances? The employer did have some difficulties in gathering tax matters and evidence of its ability to pay a wage prior to the filing for the labor condition application. He wouldn't be in a position to do that otherwise. Isn't it also true that he didn't have the qualifying relative? He obviously would have had to get the waiver as well. That's correct, Your Honor. His wife wasn't in a position to be that person at that point? She was not at that point. That's correct, Your Honor. Isn't that also an indication that this was speculative at this point? Speculative to the extent that at the time of the hearing, there was very little evidence that it was compelling for the immigration judge to allow the matter to go forward on an additional continuance. But the petitioner's concern is his concern that the immigration judge failed to take into consideration the preliminary matters that had to be undertaken with the Department of Labor. But that would then serve as a basis to allow him to go forward. The other matter that . . . Had the employer undertaken a search for somebody who is . . . Yes, Your Honor. That's the other concern. The recruitment process also has to be provided for. And that as well was undertaken and . . . Had been done. Had been done. That's correct. That's correct. But it appears as though, as Your Honor pointed out, that the precise electronic filing of the ETA-9089, the labor certification, had not been completed as of the date of the last master calendar hearing. Precise and electronic as though it's a technicality, but it's starting a proceeding. It is a moment in time that is critical. There's no proceeding. I understand, Your Honor. Thank you. His Honor's point as to whether or not there was a qualifying relative for purposes of the provisional waiver and whether or not that would materially affect the outcome of the removal proceedings, that certainly is the case under the matter of LABR. At the time, his petitioner's wife was the recipient of an I-140 visa petition. She had successfully concluded the labor certification process. Had she become a lawful permanent resident? She had not, Your Honor. She was ineligible at that point. She was ineligible for it. Correct. That's correct. She herself . . . I may be misunderstanding this, but doesn't that pretty much doom the application? It does. It's an uphill climb at that point, Your Honor. That's correct. But the petitioner's concern is that the immigration judge failed to consider the preliminary matters that were taken care of, such as the recruitment process . . . An uphill climb and a vertical ascent. And it looks like, as has been suggested, it's highly speculative as to whether he would get this certification. It is when you look on the face of the record, Your Honor, but when the U.S. . . . When the U.S. employer's business experience is taken into consideration, we know that it's a very solid and good faith job offer to the petitioner. And on that basis, he was willing to go forward. Admittedly, the initial labor certification was denied. And it was denied because of an inability to show a prevailing wage determination by the Labor Department. The petitioner relied on an online wage survey for purposes of having the prevailing wage determination available in the labor process. So the labor certification, the electronic filing of the ETA 9089, was submitted and denied. And it was the employer's intent to go forward on a new labor certification. You did not have an opportunity to reserve some rebuttal time, because I believe you arrived too late to reserve. Do you want to reserve your last two minutes in rebuttal? Yes, Your Honor. May it please the Court, Andrea Jebus on behalf of the Attorney General. I'd like to point out a couple things in referencing Petitioner's argument. First of all, this is Petitioner's burden to show good cause to warrant a continuance. Second of all, he's asking to be remanded on the matter of LABR, which happened after the Board's decision. It would be futile to remand based on matter of LABR, because it would end up with the same result. LABR expanded on the existing law and relied heavily on matter of Raja and the matter of Hashimi factors that the Board in this decision, in denying its continuance, relied on. Just going to the 601A waiver, Petitioner's wife lacks a qualifying relative, therefore is ineligible for the 601 waiver. And Petitioner is trying to use his wife as his qualifying relative. Second of all, going back to speculation, the Board in the matter of Raja set out what immigration judges should look at when it can grant a continuance. And it looked at two major factors. First, determine Petitioner's place in the employment process for adjustment of status, which, as Petitioner's conceded, he's not even at the point of filing a LABR certification. He's at ground zero. Second of all, the Board said, look at the matter of Hashimi factors. Now, the matter of Hashimi factors are, one, DHS's response to the motion, which DHS opposed. Number two, the underlying visa petition is prima facie eligible. Number three, Petitioner's statutory eligibility for adjustment of status, which is also speculative. And what must occur, looking at number two and number three, what must occur for Petitioner to get adjustment of status would have to be a LABR certification would first have to be filed. Then that certification would have to be approved. And an I-140 visa petition would have to be filed by the employer. Then that I-140 would have to be approved, and Petitioner would have to file the 601A unlawful presence waiver. And as I mentioned previously, Petitioner's at ground zero. Therefore, looking at the matter of Rajah factors, which are those two major factors, it shows the Petitioner failed to show good cause to warrant a continuance. The agency did not abuse its discretion in denying that continuance, and this Court should uphold that agency's decision. I'll take any questions. Or you can rest on your brief. Yes, thank you. Your Honors, I'd like to make just a quick point as to where the Petitioner was at the time that he began the LABR certification process, and that is he was in the DHS custody. He had been arrested in New York for operating under the influence charge. Those charges were ultimately dismissed. And as a result of that, the immigration judge reconsidered its custody and allowed him to bond out. At that point, the LABR certification process sprang into full swing, and the Petitioner was allowed to participate in that as well with the employer. But the point to be made here is that in reaching, and when DHS made its conclusion or had advised the immigration judge that it had been inclined not to exercise prosecutorial discretion on the Petitioner's behalf, it had not formally responded to the Respondent or the Petitioner's request for prosecutorial discretion. It had made an off-the-cuff remark to the immigration judge that they were inclined not to exercise prosecutorial discretion to go forward for purposes of allowing the collateral relief, the LABR certification, to be considered. Do you have any questions? Thank you both. Thank you. And we will take the matter under advisement. It's time to conclude the proceedings for this morning, but I just wanted to note for the record that we were advised by our beloved courtroom deputy this morning, Victor Conde. This will be his last time presiding, being our courtroom deputy. He has given this court distinguished public service for over a decade, and he will be moving on to new challenges this summer. So we pause for a moment to thank him for distinguished public service and for his help over many years. Thank you all. That is the last case on the calendar, so I will ask the deputy to adjourn court.